UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TOSHIYA HIRATA,                    CASE NO.:

    Plaintiff,

v.

FOBESOFT INC,
a Florida Profit Corporation,

    Defendant.
_____/

**COMPLAINT AND REQUEST FOR DECLARATORY RELIEF AND REQUEST FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff, TOSHIYA HIRATA ("Plaintiff" or "Mr. Hirata"), by and through undersigned counsel, files this Complaint against Defendant, FOBESOFT INC ("Defendant" or "FOBESOFT"), and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act ("FLSA") and Florida's unpaid wages statute and for breach of contract, to recover from Defendant overtime compensation and liquidated damages, lost wages and liquidated damages, compensatory damages, pre-judgment interest, post-judgment interest, costs of suit, declaratory and injunctive relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

1

## PARTIES, JURISDICTION, AND VENUE

2. Mr. Hirata was an employee who performed services on behalf of Defendant in Duval County, Florida.

3. FOBESOFT is a Florida profit corporation located in Jacksonville, Duval County, Florida, and which, at all times relevant, performed work in Duval County, Florida.

4. Jurisdiction is proper in this Court, as the FLSA claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. This Court also has supplemental jurisdiction over Plaintiff's Florida unpaid wages and breach of contract claims, as they arise out of the same operative facts and circumstances as his FLSA claims.

6. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Duval County, Florida.

## FLSA COVERAGE

7. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

8. At all times material hereto, Plaintiff was a resident of Duval

County, Florida.

9. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

10. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

11. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, Defendant was primarily engaged in operating a software company in Duval County, Florida.

14. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

15. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

16. At all times material hereto, Defendant had two (2) or more

employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as computers, monitors, office equipment, etc., but which had come to rest within its headquarters location in Duval County, Florida.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Salespersons like Plaintiff.

## FACTUAL ALLEGATIONS

18. Mr. Hirata worked for Defendant under the title of Salesman from January 3, 2019, until his separation from Defendant on August 28, 2020.

19. FOBESOFT wrongly designated Mr. Hirata an independent contractor, and continued to designate him as such until his aforementioned separation.

20. Throughout his time with FOBESOFT, Mr. Hirata was paid a fixed wage, characterized by FOBESOFT as a "salary," of $2,000.00 twice per month, with the exception of half of July, 2020, and all of August, 2020, for which he was paid nothing despite continuing to work full-time for FOBESOFT during those months, and was not paid any overtime, no matter how many hours in excess of forty (40) he worked in a given week.

21. Mr. Hirata worked for FOBESOFT pursuant to a written Agreement entitling him to wages of $48,000.00 per year, to commissions of $100.00 on every sale of FOBESOFT's software products that he made, and wrongly designating him an independent contractor. *See* Agreement, a true and correct copy of which is attached hereto as Exhibit "A."

22. Mr. Hirata always worked in Duval County, Florida, with the exception of occasional sales trips out of town, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

23. Mr. Hirata had no authority to hire or fire employees of FOBESOFT.

24. Mr. Hirata had no authority to discipline employees of FOBESOFT.

25. Mr. Hirata had no authority to set rates of pay for other employees or agents of FOBESOFT.

26. Mr. Hirata had no input into performance reviews of other employees or agents of FOBESOFT.

27. All of Mr. Hirata's major decisions had to be cleared in advance by one of FOBESOFT's supervisors.

28. Mr. Hirata was closely monitored by FOBESOFT's managers and supervisors at all times.

29. Mr. Hirata followed procedures established by FOBESOFT and did exactly as he was instructed to do.

30. Mr. Hirata's primary duties were to demonstrate FOBESOFT's software products to potential clients via phone, text, and email in order to generate sales.

31. Mr. Hirata had his own cubicle at Defendant's office and used Defendant's computer and office equipment to work throughout the day.

32. Mr. Hirata performed an inside sales position for FOBESOFT but never did more than half of his total earnings in any representative period consist of commissions.

33. Indeed, to date FOBESOFT has never paid Mr. Hirata anything for his agreed commissions earned during his period of employment with FOBESOFT, which total $8,500.00.

34. FOBESOFT owes Mr. Hirata a further $6,000.00 in agreed "salary" wages earned but never paid in the months of July, 2020, and August, 2020.

35. Despite making occasional sales trips out of town, Mr. Hirata was never, while working for FOBESOFT, customarily or regularly

engaged away from FOBESOFT's place or places of business, and instead spent the vast majority of his employment in his cubicle at FOBESOFT's premises in Jacksonville, Duval County, Florida.

36. Mr. Hirata did not normally make sales trips out of town every work week.

37. Mr. Hirata did not have the right to control how to perform his job.

38. Mr. Hirata did not have an opportunity for profit or loss depending on his skill.

39. Mr. Hirata did not invest in equipment or material or hire helpers.

40. Mr. Hirata's work relationship with FOBESOFT featured a high degree of permanence.

41. Mr. Hirata's work for FOBESOFT constituted an essential part of FOBESOFT's business.

42. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

43. Plaintiff regularly worked forty-three (43) or more hours per week for Defendant during his employment with Defendant.

44. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during his employment with Defendant.

45. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

46. Defendant routinely failed to pay Plaintiff anything at all for overtime hours that he worked during his employment.

47. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

48. Defendant violated Title 29 U.S.C. §207 in that:

   (a) Plaintiff worked in excess of forty (40) hours in one or more work weeks for his period of employment with Defendant;

   (b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular

     rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    (c) Defendant failed to maintain proper time records as mandated by the FLSA.

49. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

50. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

51. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

52. Based on the allegations in Paragraphs 49-51, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

53. Defendant failed to pay Mr. Hirata his outstanding or remaining commissions and wages due upon his exit from the company.

54. Section 448.01, Florida Statutes, *et seq*. specifically proscribes the conduct committed by Defendant as described in paragraphs 17 through 21, 33 through 34, and 52, above.

55. Defendant materially breached its Agreement with Plaintiff by ceasing to pay him his agreed wages of $2,000.00 twice monthly beginning in the second half of July of 2020.

56. Defendant's breach of its Agreement with Plaintiff makes Defendant liable to Mr. Hirata for contractual damages, including his unpaid commissions and unpaid wages, including $6,000.00 in unpaid agreed wages and $8,500.00 in unpaid commissions earned.

57. Plaintiff is also entitled to payment of his attorneys' fees and costs as a prevailing party upon recovery of the wages owed. *See Gulf Solar, Inc. v. Westfall*, 447 So. 2d 363, 367 (Fla. 2d DCA 1984); *D.G.D., Inc. v. Berkowitz*, 605 So. 2d 496, 498 (Fla. 3d DCA 1992).

58. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

59. Plaintiff reincorporates and re-alleges paragraphs 1 through 4, 6 through 32, 35 through 52, and 58 of the Complaint as though fully set forth herein, and further alleges as follows:

60. Plaintiff was entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

61. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

62. Plaintiff was not an exempt employee as defined by the FLSA, no matter Defendant's characterization or misclassification, and was instead a non-exempt employee as defined by the FLSA.

63. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

64. As a result of Defendant's willful violation(s) of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## COUNT II
## VIOLATION OF FLORIDA'S UNPAID WAGES ACT

65. Plaintiff reincorporates and re-alleges paragraphs 1 through 3, 5 through 6, 8, 13, 17 through 21, 33 through 34, and 53 through 58 of the Complaint as though fully set forth herein, and further alleges as follows:

66. Defendant failed to pay Mr. Hirata all unpaid commissions that he was owed by Defendant as of the date of his termination, and failed to pay Mr. Taylor all contractual wages earned by Mr. Hirata under the above-referenced Agreement.

67. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages including, but not limited to, lost wages, and other monetary and non-monetary losses.

68. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to costs of this action and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court award Plaintiff his damages, including lost wages and liquidated damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## VIOLATION OF FLORIDA'S UNPAID WAGES ACT

69. Plaintiff reincorporates and re-alleges paragraphs 1 through 3, 5 through 6, 8, 13, 17 through 21, 33 through 34, and 53 through 58 of the Complaint as though fully set forth herein, and further alleges as follows:

70. Plaintiff and Defendant entered into an Agreement to pay for Plaintiff's sales commissions and wages as he earned and accumulated them.

71. Pursuant to the parties' Agreement, Defendant agreed to compensate Plaintiff according to the terms specified above.

72. Plaintiff worked for Defendant in reliance on this Agreement and as consideration for same.

73. Defendant willfully failed to pay Plaintiff the earned compensation and other monies due under the Agreement, despite pre-suit demand for same, thereby breaching the Agreement.

74. Plaintiff has been damaged due to Defendant's willful failure to pay Plaintiff the appropriate agreed-upon compensation.

75. Plaintiff is entitled to payment of all monies agreed to by Defendant under the Agreement.

76. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to costs of this action and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court award Plaintiff his damages, including compensatory damages, pre-judgment interest, and post-judgment interest, as well as his costs and attorneys' fees, and such other and further relief as is deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 28th day of December, 2020.

Respectfully submitted,

**By: /s/Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*